UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


| | | |
|---|---|---|
| TRACFONE WIRELESS, INC., a<br>Delaware Corporation, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | CIVIL ACTION NO. |
| VS. | ) <br> ) | 3:07-CV-1761-G |
| TIMOTHY L. CARSON, a/k/a<br>TIMOTHY L. CARLSON, individually<br>and d/b/a COMPASHION CELLULAR, | ) <br> ) <br> ) <br> ) | **ECF** |
| Defendant. | ) | |


<u>**MEMORANDUM OPINION AND ORDER**</u>


Before the court are the following motions:  (1) the motion of the defendant,

Timothy L. Carson ("Carson" or "the defendant"), to dismiss the complaint of the

plaintiff, TracFone Wireless, Inc. ("TracFone" or "the plaintiff"), for lack of subject

matter jurisdiction, lack of personal jurisdiction, and for improper venue; and (2) the

motion of the plaintiff to dismiss the counterclaims of the defendant for failure to

state a claim.  For the reasons set forth below, the defendant's motion is denied, and

the plaintiff's motion is granted in part and denied in part.

## I. BACKGROUND

TracFone is a Delaware corporation, with its principal place of business located in Florida. Complaint for Damages and Injunctive Relief ("Complaint") ¶ 10. TracFone is a provider of prepaid wireless telephone service in the United States and markets its service under the brands TracFone and NET10. *Id.* ¶ 22. Customers prepay for wireless service from Tracfone by purchasing "airtime cards." *Id.* PIN numbers located on the cards are entered into the specially manufactured phones to load airtime minutes. *Id.* The airtime cards are carried by national retailers such as Wal-Mart, Target, and Sam's Club. *Id.* Software installed onto the phones prevents their use without the loading of airtime minutes from a TracFone or NET10 airtime card. *Id.* ¶ 25. TracFone's business model turns on its phones being used solely on the TracFone prepaid wireless network. *Id.* ¶ 24. TracFone sells its phones for less than cost and "recoups this subsidy through profits earned on the sale of the Tracfone prepaid airtime cards that are required to make and receive calls on the TracFone/NET10 Prepaid Phones." *Id.*

Carson is a resident of Oklahoma. *Id.* ¶ 11; Answer and Crossclaim of Defendants ("Answer") at 2. TracFone brings suit against Carson, alleging that Carson and others are "engaged in, and knowingly facilitate and encourage others to engage in, unlawful business practices involving the unauthorized and unlawful bulk purchase and resale of TracFone/NET10 Prepaid Phones, unauthorized and unlawful

- 2 -

computer unlocking or reflashing of TracFone/NET10 Prepaid Phones, alteration of TracFone's copyrighted and proprietary software computer code installed in the Phones, and trafficking of the Phones for profit." Complaint ¶ 2. TracFone's complaint asserts several claims, including but not limited to breach of contract, trademark infringement, copyright infringement, unfair competition, tortious interference with business relationships, and civil conspiracy. *See generally* Complaint at 17-28.

In his answer, Carson, a *pro se* defendant, avers that "Tracfone has not satisfied the federal resident requirement in 28 U.S.C. § 1391 A and B." Answer at 3. Specifically, he argues that "both defendants reside in UNITED STATES DISTRICT COURT, WESTERN DISTRICT OKLAHOMA," and, therefore, "jurisdiction should be in Oklahoma." *Id.* at 2-3. Further, Carson argues that there is "[n]o standing in federal court" under 28 U.S.C. § 1331 because there is no federal question at issue. Motion to Dismiss Case ¶ 2.

For its part, TracFone maintains that venue is proper in this court "pursuant to 28 U.S.C. §§ 1391(a) and (b), and U.S.C. § 1400, because the impact of Defendants' misconduct occurred in this District, a significant part of Defendants' misconduct occurred in this District, and the Defendants are subject to personal jurisdiction in this District." Complaint ¶ 21.

Carson includes multiple counterclaims in his answer. First, he asserts that "Tracfone defamed the defendants By telling retailers that [the defendants] were supplying pre paid phones to terrorist [sic] for the purpose of exploding IED [sic] against our military overseas." Answer at 6. Second, he claims that TracFone "conspired with retailers of there [sic] pre paid phones to limit the number of phones that an individual can purchase in a day form [sic] the same retailer at different location [sic]," and thus committed what he terms a "[f]ree trade infringement." *Id*. Additionally, Carson alleges that "Tracfone encouraged retailers to contact police to make allegation [sic] that [the defendants] were doing suspicious or illegal activity to be harassed so [the defendants] would stop buying pre paid phones." *Id.* Finally, Carson accuses Tracfone of "[f]illing [sic] this action in federal court with false allegation of trademark and copyrights Violation [sic] that they know defendant did not have any part or knowledge of." *Id.* TracFone moves to dismiss each of Carson's counterclaims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

II. <u>ANALYSIS</u>

A. <u>Carson's Motions to Dismiss</u>

It is difficult to determine from Carson's answer as drafted whether he is challenging the plaintiff's suit due to lack of personal jurisdiction, improper venue, or both. In any case, his arguments fail, and a motion to dismiss on either ground must

be denied.  Likewise, Carson's argument that this court lacks subject matter jurisdiction over TracFone's claims is incorrect, and his motion to dismiss on this ground must also be denied.

1.  *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

a.  <u>Legal Standard</u>

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter.  *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim."  *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgas AG v. Marathon Oil Company,* 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception.") (citation and internal quotation marks omitted).  On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'"  *MD Physicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir. 1992) (quoting *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981)*, cert. denied,* 454 U.S. 897 (1981))*, cert. denied*, 506 U.S. 861 (1992).  In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on:  "1) the

complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the

complaint supplemented by undisputed facts and the court's resolution of disputed

facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir.

1990) (citing *Williamson*, 645 F.2d at 413).  A party who believes jurisdiction is

lacking may challenge the court's authority to decide the case by filing a motion to

dismiss pursuant to Rule 12(b)(1).  Once jurisdiction is challenged, the burden rests

upon the party seeking to invoke the court's jurisdiction to prove that jurisdiction is

proper.  *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 516

U.S. 1071 (1996).

### b.  Discussion

TracFone asserts that federal question jurisdiction exists with respect to several

of its claims, including, but not limited to, federal trademark infringement under 15

U.S.C. § 1114, unfair competition under 15 U.S.C. § 1125(a), copyright

infringement under 17 U.S.C. § 106, and the circumvention of copyrighted software

protection systems under 17 U.S.C. § 1201.  TracFone Wireless, Inc.'s Response and

Brief in Opposition to Defendant Timothy L. Carson's Motion to Dismiss at 9.

Federal question jurisdiction exists where the complaint arises under the

Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 1331.  "Only if

the federal statute or constitutional provision invoked is clearly immaterial and is

invoked solely for the purpose of obtaining jurisdiction or if the claim is wholly

insubstantial and frivolous will subject matter jurisdiction be found lacking."

*Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 989 (5th Cir. 1988).  Here, it cannot

be said that the provisions of federal law invoked by TracFone are "immaterial."

"[T]he essential elements of [TracFone's] claims are found in the statutes . . .

invoked."  *Id.*  For example, Tracfone's allegation that Carson's "conduct constitutes

use of the Marks without authorization" will cause "a likelihood of confusion,

mistake, and deception about the source of origin of Defendants' counterfeit

products" contains the essential elements of trademark infringement under 15 U.S.C.

§ 1114.  Complaint ¶¶ 60-61; *see also* 15 U.S.C. § 1114(1)(a).  Nor can it be said that

the claims involving such provisions are "wholly insubstantial and frivolous."  A

federal question is "wholly insubstantial and frivolous" when the claims are

"obviously without merit or are clearly foreclosed by the previous decisions of the

United States Supreme Court."  *Holland/Blue Streak,* 849 F.2d at 989 (quoting *Walsh*

*v. Louisiana High School Athletic Association*, 616 F.2d 152, 156 (5th Cir. 1980)).

Neither condition applies to TracFone's federal law claims.  Therefore, the court has

subject matter jurisdiction over TracFone's claims under federal law.

2.  *Motion to Dismiss for Lack of Personal Jurisdiction*

a.  The Factual Standard:  A *Prima Facie* Case

When a nonresident defendant moves to dismiss for lack of personal

jurisdiction, the plaintiff bears the burden of establishing the district court's

jurisdiction over the nonresident. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994), *cert. denied*, 513 U.S. 930 (1994); *Gardemal v. Westin Hotel Company*, 186 F.3d 588, 592 (5th Cir. 1999). If the district court chooses to decide the matter without an evidentiary hearing, the plaintiff may meet its burden by presenting a *prima facie* case for personal jurisdiction. *Wilson*, 20 F.3d at 648; *Gardemal*, 186 F.3d at 592.

The court will take the allegations of the complaint as true, except where they are controverted by opposing affidavits, and all conflicts in the facts are resolved in favor of the plaintiff. *Id*. In making its determination, the court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of recognized discovery methods. *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997), *cert. denied*, 522 U.S. 1048 (1998); *Thompson v. Chrysler Motors Corporation*, 755 F.2d 1162, 1165 (5th Cir. 1985). However, in presenting his *prima facie* case, "the plaintiff cannot stand on its pleadings, but must, through affidavits or otherwise, set forth specific facts demonstrating that the Court has jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, No. 3:03-CV-0872-K, 2004 WL 532714, at *2 (N.D. Tex. Feb. 11, 2004), *aff'd*, 415 F.3d 419 (5th Cir. 2005).

b. The Legal Standard

A federal district court may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant; and (2) the exercise of such jurisdiction by

the forum state is consistent with due process under the United States Constitution. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). A defendant is amenable to the personal jurisdiction of a federal court sitting in diversity to the same extent that he would be amenable to the jurisdiction of a state court in the same forum. *Pedelahore v. Astropark, Inc.*, 745 F.2d 346, 347 (5th Cir. 1984). Applying state law, this court must first determine whether Texas, the forum state, could assert long-arm jurisdiction. *Id*. Because the Texas long-arm statute confers jurisdiction to the limits of the federal constitution, *Access Telecom, Inc. v. MCI Telecommunications Corporation*, 197 F.3d 694, 716 (5th Cir. 1999), *cert. denied*, 531 U.S. 917 (2000); *Hall v. Helicopteros Nacionales de Colombia, S.A.*, 638 S.W.2d 870, 872 (Tex. 1982), *rev'd on other grounds*, 466 U.S. 408 (1984), the court need only concern itself with the federal due process inquiry. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); *Wilson*, 20 F.3d at 647 n. 1; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 17.041 *et seq.* (Vernon 1997) (Texas long-arm statute).

c. <u>Due Process Requirements</u>

Due process requires the satisfaction of two elements to exercise personal jurisdiction over a non-resident defendant: (1) the nonresident must have some minimum contact with the forum that results from an affirmative act on his part such that the nonresident defendant could anticipate being haled into the courts of the forum state; and (2) it must be fair or reasonable to require the nonresident to defend

the suit in the forum state. *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 474-78 (1985); *Gulf Consolidated Services, Inc. v. Corinth Pipeworks, S.A.*, 898 F.2d 1071, 1073 (5th Cir.), *cert. denied*, 498 U.S. 900 (1990). The Due Process Clause ensures that persons have a "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger King*, 471 U.S. at 472 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring)).

To establish minimum contacts with the forum, a nonresident defendant must do some act by which he "purposefully avails [him]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 474-75 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). However, the unilateral activity of one asserting a relationship with the nonresident defendant does not satisfy this requirement. *Burger King*, 471 U.S. at 474 (quoting *Hanson*, 357 U.S. at 253); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) (citing *Kulko v. California Superior Court*, 436 U.S. 84 (1978); *Hanson*, 357 U.S. at 253). In determining whether the exercise of jurisdiction is appropriate, the Supreme Court has focused less on presence in the forum state as a means to establish jurisdiction and looked increasingly to whether a defendant's contacts with the forum state make it reasonable to require the defendant to defend the particular suit in that forum. *Quill Corporation v. North Dakota*, 504 U.S. 298, 307 (1992).

Two types of *in personam* jurisdiction may be exercised over a nonresident

defendant: specific jurisdiction and general jurisdiction. Specific jurisdiction exists if

the cause of action is related to, or arises out of, the defendant's contacts with the

forum state and those contacts meet the due process standard. *J.R. Stripling v. Jordan*

*Production Company, LLC*, 234 F.3d 863, 871 (5th Cir. 2000) (quotations and

citations omitted). "When a court exercises personal jurisdiction over a defendant

based on contacts with the forum related to the particular controversy, the court is

exercising 'specific jurisdiction.'" *Holt Oil & Gas Corporation v. Harvey*, 801 F.2d 773,

777 (5th Cir. 1986) (citations omitted), *cert. denied*, 481 U.S. 1015 (1987). General

jurisdiction, on the other hand, may be found when the nonresident's contacts with

the forum are "continuous and systematic," even though the claim is unrelated to

those contacts. *Helicopteros Nacionales*, 466 U.S. at 415-16.

Under either a specific or general jurisdiction analysis, however, "the

constitutional touchstone remains whether the defendant purposefully established

'minimum contacts' in the forum [s]tate." *Burger King*, 471 U.S. at 474 (quoting

*International Shoe Company v. Washington*, 326 U.S. 310, 316 (1945)). The

"purposeful availment" requirement of the minimum contacts inquiry "ensures that a

defendant will not be haled into a jurisdiction solely as a result of 'random,'

'fortuitous,' or 'attenuated' contacts . . . or of the 'unilateral activity of another party

or a third person.'" *Id.* at 475 (citations omitted). A plaintiff must establish a

substantial connection between the nonresident defendant and the forum state. *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1068 n.9 (5th Cir. 1992), *cert. denied*, 506 U.S. 867 (1992); *Bearry v. Beech Aircraft Corporation*, 818 F.2d 370, 374 (5th Cir. 1987) (citing *Burger King*, 471 U.S. at 475 n.18; *McGee v. International Life Insurance Company*, 355 U.S. 220, 223 (1957)).

A court must consider all factors when making the purposeful availment inquiry -- "no single factor, particularly the number of contacts, is determinative." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). "[W]hether the minimum contacts are sufficient to justify subjection of the non-resident to suit in the forum is determined not on a mechanical and quantitative test, but rather under the particular facts upon the quality and nature of the activity with relation to the forum state." *Mississippi Interstate Express, Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1006 (5th Cir. 1982); see also *Coats v. Penrod Drilling Corporation*, 5 F.3d 877, 884 (5th Cir. 1993), *cert. denied*, 510 U.S. 1195 (1994). When the underlying cause of action is based on an intentional tort, a single act by the defendant can be sufficient to establish personal jurisdiction if that act gives rise to the claim being asserted. *Lewis v. Fresne*, 252 F.3d 352, 358-59 (5th Cir. 2001); see also *FCA Investments Company v. Baycorp Holdings, Ltd.*, 48 Fed. App'x 480 (5th Cir. 2002) (finding that in a claim for the intentional tort of fraud, a single phone call into the forum state is sufficient to establish personal

jurisdiction where the content of that phone call was the subject matter of the fraud claim).

### d. Discussion

### I. *Minimum Contacts*

There is a significant connection between Carson, Texas, and TracFone's claims that permits the exercise of specific jurisdiction in this case. In support of its assertions, TracFone has produced a declaration signed by an employee of Tracfone which meets the requirements of 28 U.S.C. § 1746.[*] *See* Declaration of Jill C. Garcia ("Garcia Declaration"), *attached to* TracFone Wireless, Inc.'s Appendix "1" to its Response and Brief in Opposition to Defendant Timothy L. Carson's Motion to Dismiss. According to this declaration, "[d]ocuments and invoices in TracFone's possession show that Defendant has contracted with, sold, and trafficked hundreds of thousand dollars [sic] of TracFone/NET10 Prepaid Phones to Texas corporations doing business in Texas, including GasBoy Texas, Inc. and Phones N' Phones, Inc., between April of 2006 through April of 2007." *Id.* ¶ 20. Furthermore, the declaration states that the "[d]efendants' unlawful activity in unlocking

---

[*] The declaration is subscribed to under penalty of perjury, signed, and dated, as required by 28 U.S.C. § 1746. *See* Garcia Declaration at 11; see also *General Design Sign Company, Inc. v. American General Design, Inc.*, No. 3:02-CV-2298-H, 2003 WL 251931, at *1 n.1 (N.D. Tex. Jan. 31, 2003). "[A]n unsworn declaration may substitute for an affidavit if it subjects the declarant to penalties of perjury." *Search Force, Inc. v. Data Force International, Inc.*, 112 F.Supp.2d 771, 774 n.7 (S.D. Ind. 2000) (citing 28 U.S.C. § 1746).

TracFone/NET10 Prepaid Phones and/or knowingly aiding those who unlock TracFone/NET10 Prepaid Phones has caused and continues to cause substantial and irreparable harm to . . . TracFone's legitimate customers, including...those in Texas." *Id.* ¶ 24. Carson has failed to controvert these allegations. In fact, he states in his answer that "we deliver 100% of phones in Texas." Answer at 3.

"The Fifth Circuit has held that when a party directs purposeful, tortious activity towards a particular forum, he should anticipate being haled into court in that forum." *Southridge Ethanol, Inc. v. South Louisiana Ethanol L.L.C.*, No. 3:06-CV-2362-G, 2007 WL 2375758, at *5 (N.D. Tex. Aug. 16, 2007) (citing *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 547 (5th Cir. 1985)). The court must determine "whether the contacts suggest that the nonresident defendant purposefully availed himself of the benefits of the forum state," *Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 333 (5th Cir. 1982), *cert. denied*, 460 U.S. 1023 (1983), and whether the contacts "appear to be *purposefully directed at Texas.*" *Hoffman International Properties, Inc. v. Sullivan*, No. 3:98-CV-1811-G, 1999 WL 451340, at *5 (N.D. Tex. June 28, 1999) (emphasis in original).

Taking TracFone's allegations as true, the court concludes that Carson availed himself of the privilege of conducting activities in Texas when he unlawfully sold TracFone/NET10 phones to Texas corporations which serve Texas customers. Carson's contacts with Texas, including contracting with Texas corporations, appear

to be purposefully directed at Texas.  Finally, several of TracFone's claims, including trademark infringement, unfair competition, copyright infringement, and trafficking in circumvention technology, arise out of and directly relate to the tortious activities which TracFone cites as the contacts which give rise to personal jurisdiction. Therefore, the court finds that TracFone has established a *prima facie* case of minimum contacts between Carson and Texas.

### ii.  *Fair Play and Substantial Justice*

Exercise of jurisdiction over the defendant must not offend "traditional notions of fair play and substantial justice." *International Shoe Company*, 326 U.S. at 316.  The court's determination turns on numerous factors, including:  "(1) the defendants' burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the interstate judicial system's interest in efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental substantive social policies." *Omni Hotels Management Corporation v. Brennan Beer Gorman/Architects, P.C.*, No. 3:07-CV-1131-G, 2008 WL 877761, at *5 (N.D. Tex. Mar. 14, 2008) (citing *Asahi Metal Industry Company, Ltd. v. Superior Court of California*, 480 U.S. 102, 113 (1987)).  "[O]nce minimum contacts are established, a defendant must present a 'compelling case that the presence of some consideration would render jurisdiction unreasonable.'" *Enviro Petroleum, Inc. v. Kondur Petroleum,*

*S.A.*, 79 F.Supp.2d 720, 725 (S.D. Tex. 1999) (quoting *Burger King*, 471 U.S. at 477).

Whatever burden placed on Carson by being forced to litigate this matter in a Texas forum is outweighed by the plaintiff's and Texas' interests. "[B]ecause 'modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity,' it usually will not be unfair to subject him to the burdens of litigating in another forum for disputes relating to such activity." *Burger King*, 471 U.S. at 474 (quoting *McGee*, 355 U.S. at 223). Additionally, "parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities." *Burger King*, 471 U.S. at 473 (quoting *Travelers Health Association v. Virginia*, 339 U.S. 643, 647 (1950)). Furthermore, his minimum contacts with Texas having been established, Carson has failed to present any case, much less a compelling one, that would render the exercise of personal jurisdiction by a Texas court unreasonable.

Thus, the assertion of personal jurisdiction by this court is fair and safely within the limits imposed by due process. As a result, Carson's motion is dismiss for lack of personal jurisdiction is denied.

### 3. *Motion to Dismiss for Improper Venue*

#### a. <u>Legal Standard</u>

Carson also moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3).  Once a defendant raises the issue of improper venue, the plaintiff has the burden to prove that the chosen venue is proper.  *Psarros v. Avior Shipping, Inc.*, 192 F.Supp.2d 751, 753 (S.D. Tex. 2002).  "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff."  *Braspetro Oil Services Company v. Modec (USA), Inc.*, No. 06-20561, 2007 WL 1425851, at *2 (5th Cir. May 11, 2007) (citing *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004)).

#### b. <u>Discussion</u>

Venue in this case is governed by 28 U.S.C. § 1400(a), which states in relevant part that "civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found."  "It is well established that, for purposes of Section 1400(a), a defendant 'may be found' in any district in which it is subject to personal jurisdiction."  *General Design Sign Company, Inc. v. American General Design, Inc.*, No. 3:02-CV-2298-H, 2003 WL 251931, at *2 (N.D. Tex. Jan. 31, 2003) (citing *Milwaukee Concrete Studios Ltd. v. Field Manufacturing Company*, 8 F.3d 441, 445-47 (7th Cir. 1993); *Johnson v. Tuff n Rumble Management, Inc.*, No. 99-1374, 1999 WL

1201891 (E.D. La. Dec. 15, 1999)).  Having already determined that personal

jurisdiction exists over Carson, the court finds that venue in this district is proper.

B.  <u>TracFone's Motion to Dismiss Counterclaims for Failure to State a Claim</u>

1.  *Legal Standard*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint

for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P.

12(b)(6).  There are two primary principles that guide the court's determination of

whether dismissal under Rule 12(b)(6) should be granted.  First, a motion under Rule

12(b)(6) should be granted only if it appears beyond doubt that the nonmovant

could prove no set of facts in support of his claims that would entitle him to relief.

*Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*,

28 F.3d 521, 524 (5th Cir. 1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v.

Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing WRIGHT &

MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1357 at 598 (1969), for the

proposition that "the motion to dismiss for failure to state a claim is viewed with

disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983).  Second, the court

must accept all well-pleaded facts as true and view them in the light most favorable to

the nonmovant.  See *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*,

30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021

(5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925

F.2d 844, 846 (5th Cir. 1991).  However, conclusory allegations and unwarranted

factual deductions will not suffice to prevent a motion to dismiss.  *United States ex rel.*

*Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

Additionally, "[t]he claims of *pro se* litigants are to be construed liberally."  *Chambers*

*v. City of Mesquite*, No. 3:06-CV-2279-G, 2008 WL 53282, at *2 (N.D.Tex. Jan. 3,

2008) (citing *Kaltenbach v. Richards*, 464 F.3d 524, 527 (5th Cir. 2006)).  The

allegations of a *pro se* litigant are held "to less stringent standards than formal

pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

2.  *Discussion*

a.  Defamation Counterclaim

In federal court, the Federal Rules of Civil Procedure govern the adequacy of a

party's claims.  *Advanced Logistical Support, Inc. v. Fritz Companies, Inc.*, No. 02-2979,

2003 WL 21459688, at *7 (E.D. La. June 18, 2003); *Barber v. Nationwide*

*Communications, Inc.*, No. 3:95-CV-0656-H, 1995 WL 940517, at *3 (N.D. Tex. May

30, 1995).  Therefore, "[d]efamation claims are subject to the more relaxed pleading

requirements of Federal Rule of Civil Procedure 8."  *Advanced Logistical*, 2003 WL

21459688, at *7 (quoting *Davidson v. Cao*, 211 F.Supp.2d 264, 276 (D. Mass. 2002))

(brackets omitted).  Although federal courts do not require parties to "set forth

allegedly defamatory statements *en haec verbis*," such allegations must "afford the

[other party] sufficient notice of the communications complained of to enable him to defend himself." *Barber*, 1995 WL 940517, at *3.

Carson's defamation claims are similar in terms of their lack of specificity to those of the plaintiff in *Bushnell Corporation v. ITT Corporation*, 973 F.Supp. 1276 (D. Kan. 1997). In that case, the plaintiff alleged the following:

> [Defendant], its distributors and employees have published various false and defamatory statements regarding [plaintiff] to [plaintiff's] customers and the industry in general for the purpose of injuring [plaintiff] in its business. These false and defamatory statements have included statements that [plaintiff] used rejected components in its night vision products, that [plaintiff] was not able to provide current-technology night vision products, and that [plaintiff] had no continuing rights under the Agreement.

*Id*. at 1286. The court found the defamation claim to be insufficient under Rule 8(a), stating that "the allegation does not identify with necessary specificity who made the statements and to whom the statements were made." *Id.* at 1287.

Carson's defamation counterclaim consists solely of one broad assertion: "During the period of April 2006 thru [sic] summer 2007 Tracfone defamed the defendants By telling retailers that [defendants] were supplying pre paid phones to terrorist [sic] for the purpose of exploding IED [sic] against our military overseas." Answer at 6. Such an allegation does not afford sufficient notice to enable TracFone to defend itself. Carson has failed to provide any specificity as to who made the

statements or to whom the statements were made, other than that the latter were "retailers." *Id.*; see also *Advanced Logistical*, 2003 WL 21459688, at *7; see also *PAI Corporation v. Integrated Science Solutions, Inc.*, No. C-06-5349 JSW, 2007 WL 1229329, at *9 (N.D. Cal. April 25, 2007) (holding that complaint required amendment because plaintiffs "failed to specifically identify who made the statements, when they were made, and to whom they were made"); *Heckman v. Zurich Holding Company of America*, No. 06-2435-KHV, 2007 WL 677607, at *5 (D. Kan. Feb. 28, 2007) ("To sufficiently plead her defamation claim, plaintiff must set forth in her complaint the allegedly defamatory words, the communicator of those words, the persons to whom those words were published and the time and place of publication."); *Ahmed v. Gelfand*, 160 F.Supp.2d 408, 416 (E.D. NY. 2001) (holding defamation allegations to be insufficient because plaintiff did not identify who made the supposedly defamatory statements, when the statements were made, or to whom they were made); *Decker v. Vermont Educational Television, Inc.*, 13 F.Supp.2d 569, 573 (D. Vt. 1998) (sufficient notice of the communications complained of requires "adequate identification of the communication, and an indication of who made the communication, when it was made, and to whom it was communicated."). Also, the broad time period referred to by Carson does not sufficiently indicate when the statements were made.

Thus, Carson's allegations of defamation did not give TracFone "sufficient notice of the communications complained of" to allow TracFone to answer and defend this claim. See *Barber*, 1995 WL 940517, at *3. However, the court will treat TracFone's motion as a motion for more definite statement and order Carson to amend his counterclaim to set forth the defamation allegations in sufficient detail for purposes of Federal Rule of Civil Procedure 8. See *id*. TracFone's motion is therefore denied as it relates to this claim, unless the defendant fails to amend his counterclaim within the time period set forth below.

b.  Remaining Counterclaims

Even under the liberal construction afforded to the claims of *pro se* litigants, each of Carson's remaining allegations fails to state a claim upon which relief can be granted. See *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (noting that although the pleadings of a *pro se* party are liberally construed, every litigant must abide by rules of procedure). Regarding Carson's suggestion that TracFone's attempt to "limit the number of phones that an individual can purchase in a day [from] the same retailer at different location" is unlawful, Answer at 6, such a claim is not supported by any statutory or common law cause of action. Carson's remaining allegations are likewise frivolous and not grounded in statutory or common law. Therefore, the court grants TracFone's motion to dismiss as it relates to these counterclaims.

### III.  CONCLUSION

Having found that personal jurisdiction exists over the defendant and that venue is proper in the Northern District of Texas, the defendant's motion to dismiss is **DENIED**.  TracFone's motion to dismiss for failure to state a claim is **DENIED** with respect to Carson's defamation counterclaim, but to the extent that the court treated the motion to dismiss as a motion for more definite statement, Carson shall electronically file and serve, within 15 days of the date of this memorandum order and opinion, an amended counterclaim in accordance with section II.B.2.a. above. TracFone's motion to dismiss for failure to state a claim is **GRANTED** with respect to Carson's remaining counterclaims.

**SO ORDERED**.

August 28, 2008.

A. JOE FISH
**Senior United States District Judge**